UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ARSHDEEP SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00753-JRS-MJD |
| | ) | |
| MARKWAYNE MULLIN Secretary, U.S. | ) | |
| Department of Homeland Security, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Noncitizen Arshdeep Singh petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail on behalf of U.S. Immigration and Customs Enforcement (ICE). The Court grants Mr. Singh's petition in part.

**I. Facts**

Mr. Singh is an Indian national. He entered the United States in September 2022 and was apprehended by Border Patrol agents near San Luis, Arizona. Immigration officials determined that Mr. Singh was removable but did not detain him. Rather, they released him on parole and permitted him to remain in the United States. Dkt. 11-1 at 2.

Mr. Singh has a valid employment authorization and a California commercial driver's license. Dkt. 9-1 at 2–3. He is employed as a commercial truck driver. *Id.* at 12–13.

On April 14, 2026, Mr. Singh was driving his truck on the interstate in this District. Indiana State Police troopers conducted a traffic stop. The troopers were part of a task force performing immigration enforcement functions under 8 U.S.C. § 1357(g). The basis for the stop is not

documented in the record. The task force officer notified ICE, then arrested him and transported him to the Marion County Jail. Dkt. 9-1 at 2.

On April 17, an immigration officer issued an administrative warrant "command[ing]" that Mr. Singh be taken into ICE custody. *Id.* at 5. He was taken to the Clay County Jail, where he remains detained at ICE's direction. Dkt. 9-1 ¶ 23.

## II. Procedural History

Mr. Singh filed his habeas petition on April 16, while he was detained in Marion County. Dkt. 1. The petition named the Marion County Sheriff as a respondent in addition to federal officials. *Id.* Mr. Singh argued that his detention without consideration of release on bond violated 8 U.S.C. § 1226(a) and the Fifth Amendment's due process clause.

On April 17, the Court issued process to the respondents and ordered them to answer the petition by April 24. Dkt. 6.

On April 22, Mr. Singh filed a motion to amend his petition, accompanied by a proposed amended petition. Dkt. 9. The amended petition differs from the original in two key ways. First, it adds the Clay County Sheriff as a respondent. Second, it argues that Mr. Singh's detention violates the Fourth Amendment's protection against unreasonable searches and seizures. Dkt. 9-1 ¶¶ 58–68.

The federal respondents answered on April 23. Dkt. 11. The response principally argues that Mr. Singh's detention is mandatory under 8 U.S.C. § 1225 but also argues that his detention does not violate the Fourth or Fifth Amendments.

Mr. Singh replied on April 27. Dkt. 12.

The Court has not yet issued process to (and therefore has not received an answer from) the Clay County Sheriff.

2

### III. Motion to Amend

Mr. Singh's motion to amend the petition, dkt. [11], is **granted**. Mr. Singh will have **two days** to file the proposed amended petition, dkt. [11-1], as the amended petition.

The **clerk is directed** to **add** the Clay County Sheriff to the docket as a respondent and to **terminate** Marion County Sheriff Kerry Forestal. The **clerk is directed** to issue process **by mail** to the Clay County Respondent. Process will consist of the amended petition (dkt. [11-1]), exhibits (dkt. [11-2]), and this order. The Clay County Respondent will have **seven days** to answer the amended petition.

Because the federal respondents have addressed all arguments presented in the original and amended petitions, the Court finds no reason to delay its analysis of the merits. However, the Court will withhold the entry of final judgment until the Clay County Sheriff has appeared.

### IV. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Singh contends that his custody is unlawful because he was taken into custody in violation of the Fourth Amendment, because he is denied consideration of bond in violation of the Immigration and Nationality Act (INA), and because his detention violates the Fifth Amendment's due process clause. The respondents answer that the INA not only permits but requires the government to detain him through the conclusion of his removal proceedings.

A.    **Fourth Amendment Claim**

Mr. Singh argues that his detention is unlawful because he was pulled over and arrested in violation of the Fourth Amendment. He argues that there was no reason for the troopers who pulled him over to suspect that he had committed a crime. He further argues that there was no lawful basis

3

for the officers who committed that unlawful stop to inquire into his immigration status. Finally, he alleges that he was arrested and detained without a warrant and without probable cause to believe he had committed any crime.

From a factual standpoint, Mr. Singh's argument is unrebutted. The respondents correctly note that he was issued a warrant, *see* dkt. 11 at 14, but it was not executed until three days after Mr. Singh's arrest. *See* dkt. 11-2 at 5. The Court therefore assumes for the sake of this order that Mr. Singh was arrested without a warrant and without reason to believe he committed any crime.

"If the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Nevertheless, the Fourth Amendment violations that Mr. Singh articulates are not grounds for a writ of habeas corpus. "[O]nce deportation proceedings have begun the legality of the alien's detention"—or, more precisely on the facts of that case, the legality of the alien's *arrest*—"can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). Indeed, in the analogous context of pretrial criminal confinement, once probable cause is established and the prosecution has commenced, the defendant's remedies are available only in the context of the criminal proceeding. *Bridewell v. Eberle*, 730 F.3d 672, 676–77 (7th Cir. 2013) ("Bridewell . . . cannot show injury. The state judge concluded that probable cause existed to find that she had shot Chandler and ordered her to be held—and also revoked her bail on the drug-distribution charge. . . . Events showed that Bridewell had been arrested properly and was not entitled to release on bail. If the police had complied with [*County of Riverside v. McLaughlin*, 500 U.S. 44, 111 (1991)], she would have learned these things a little sooner but would have remained in jail. This means that she was not injured by the delay.).

Mr. Singh has avenues to challenge his detention during his removal proceeding. However, his recourse for any violation of his Fourth Amendment rights exists only in the context of his removal process.

**B.      Statutory Claim**

Mr. Singh's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. The Court therefore grants Mr. Singh's petition to the extent it directs the respondents to provide him a bond hearing or release him.

**1.   8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether

6

or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### 2. Mr. Singh's Detention Is Authorized by § 1226(a)

The record reflects that Mr. Singh's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Singh who have lived in the interior of the United States for years. *See, e.g.*, *Delgado Avila v. Crowley*, 809 F. Supp. 3d 841, 844–46 (S.D. Ind. 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

In *Castañon-Nava*, *v. U.S. Dep't of Homeland Sec.*, a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

established canons of statutory interpretation. 161 F.4th 1048, 1061 (7th Cir. 2025). This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 11 at 8. Nevertheless, they urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (2026) (8th Cir. Mar. 25, 2026). In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503. In *Avila*, the Eighth Circuit similarly held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th at 1135.

In contrast, after this matter was fully briefed, the Second Circuit decided *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), explicitly rejecting the government's argument and adopting the reasoning set forth in *Castañon-Nava*. "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4.

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava* (and disagree with *Cunha*) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava* as persuasive precedent.

8

Furthermore, the respondents' legal reasoning cannot be reconciled with the government's treatment of Mr. Singh. When immigration officials first encountered Mr. Singh, they placed him on conditional parole and permitted him to continue into the interior of the United States. He was still on parole when he was arrested and taken into custody last month. When ICE eventually issued an arrest warrant, it issued a warrant citing § 1226(a) as the basis for his arrest and detention. Given the government's treatment of Mr. Singh, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

In sum, the record demonstrates that Mr. Singh's detention is authorized only by § 1226(a), entitling him to consideration of bond.

## C.    Scope of Relief

Mr. Singh is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Singh argues principally for immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Singh maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Singh's custody is

9

not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires.

## D.   Remaining Claims

Because the Court has found that Mr. Singh's detention violates the INA, it declines to confront his additional claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Singh's argument that the Court must place specific constraints on the immigration judge's decision-making during his bond hearing. Dkt. 9-1 at 18–19. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2] Section 1226 is silent as to the burden of proof, so Mr. Singh's argument is purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in Mr. Singh's release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Singh's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that

---

[2] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times. [W]e perceive no problem . . . .").

failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

### V. Conclusion

Mr. Singh's motion to amend the petition, dkt. [11], is **granted**. Mr. Singh will have **two days** to file the proposed amended petition, dkt. [11-1], as the amended petition.

The **clerk is directed** to **add** the Clay County Sheriff to the docket as a respondent and to **terminate** Marion County Sheriff Kerry Forestal. The **clerk is directed** to issue process **by mail** to the Clay County Respondent. Process will consist of the amended petition (dkt. [11-1]), exhibits (dkt. [11-2]), and this order. The Clay County Respondent will have **seven days** to answer the amended petition.

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Singh has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks any other relief.

The Court will withhold the entry of final judgment until the Clay County Sheriff has appeared.

**IT IS SO ORDERED.**

Date: 5/5/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

11

Distribution:

Kristin A. Hoffman
Gresk & Singleton
khoffman@gslawindy.com

Anthony W. Overholt
FBT Gibbons LLP
aoverholt@fbtgibbons.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

Sheriff Brison Swearingen
Clay County Jail
611 E. Jackson St.
Brazil, IN 47834

Courtesy copies (by electronic mail):

> Liberty L. Roberts, Church Church Hittle & Antrim, (lroberts@cchalaw.com)